```
                                              FILED
                                       U.S. DISTRICT COURT
                                       DISTRICT OF KANSAS
          IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF KANSAS    JAN 22  3 23 PM '96

                                            RALPH L. DELOACH.
                                                  CLERK
ARNOLD R. HOPPER,                 )         BY M Ba       DEPUTY
              Plaintiff,          )            AT TOPEKA, KS.
                                  )
     v.                           )   CASE NO.  94-3284-DES
                                  )
KS. DEPT. OF CORRECTIONS, et al., )
              Defendants.         )
_____)
ARNOLD R. HOPPER,                 )
              Plaintiff,          )
                                  )
     v.                           )   CASE NO.  94-3337-DES
                                  )
GARY STOTTS, et al.,              )
              Defendants.         )
_____)
ARNOLD R. HOPPER,                 )
              Plaintiff,          )
                                  )
     v.                           )   CASE NO.  94-3346-DES
                                  )
GARY STOTTS, et al.,              )
              Defendants.         )
_____)
ARNOLD R. HOPPER,                 )
              Plaintiff,          )
                                  )
     v.                           )   CASE NO.  94-3421-DES
                                  )
CHARLES SIMMONS, et al.,          )
              Defendants.         )
_____)
ARNOLD R. HOPPER,                 )
              Plaintiff,          )
                                  )
     v.                           )   CASE NO.  94-3422-DES
                                  )
SECRETARY OF CORRECTIONS, et al., )
              Defendants.         )
_____)
```

## MEMORANDUM AND ORDER

These consolidated cases were filed by plaintiff Arnold R. Hopper, who is proceeding pro se and in forma pauperis. By order filed November 28, 1995, plaintiff was placed on notice that defendants' answers, which incorporate both a request for dismissal and Martinez report, would be considered as a motion for summary

judgment. Plaintiff was provided an opportunity to respond and present evidence on or before December 20. 1995. The deadline has passed without a response from plaintiff. Prior to the November 28 Order, however, plaintiff did file a response to the Martinez report.[1]

In Case No. 94-3284, plaintiff states that he recently converted to the Jewish faith and complains that he has not been able to obtain a personal copy of the Jewish Torah (although a copy is available in the prison library), that he has been denied a kosher diet, and that he must put in a request to observe his religious holiday. In Case No. 94-3337, plaintiff alleges he is required to accompany other inmates to the cafeteria when he is fasting and that, rather than being allowed to return to his cell for private prayer, he must also accompany inmates to the dayroom. In Case No. 94-3346, plaintiff alleges he was placed in administrative segregation from July 29 to August 5, 1994 when he observed a total fast. In Case No. 94-3421, plaintiff alleges his placement in administrative segregation on September 29, 1994, was in retaliation for expressing his religious beliefs. In Case No. 94-3422, plaintiff contends his continued placement in administrative segregation is based upon plaintiff's religious beliefs and his refusal to recant his beliefs.

Plaintiff brought this action pursuant to 42 U.S.C. §1983

---

[1] On March 2, 1995, plaintiff also filed a supplemental complaint. Plaintiff did not seek leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d) nor is there any indication that it was served on opposing counsel. Finally, inasmuch as the proposed supplemental complaint is not verified under penalty of perjury, it has no bearing on the issues presented for summary judgment purposes.

2

alleging violations of his first and eighth amendment rights. Plaintiff seeks monetary and injunctive relief.[2]

The following facts are established in the record: Upon his admission to Larned Correctional Mental Health Facility ("LCMHF") in January, 1994, plaintiff indicated he was a Christian and requested various Christian-based materials which were provided to him. On February 25, 1994, citing his "Jewish Christian" religious beliefs, plaintiff requested alternate meals when pork was served. Plaintiff's request was granted and he was placed on a non-pork diet effective March 2, 1994.

On March 7, 1994, plaintiff submitted a request for a Jewish Torah and literature about Jewish tradition and rituals. A copy of the Torah was available in the library, but could not be checked out. The chaplain at LCMHF made several inquiries to obtain Jewish resource materials. On March 17, 1994, plaintiff was scheduled for individual study with the chaplain who intended to allow plaintiff to use his personal copy of the Torah until one could be obtained for plaintiff. (Plaintiff finally received a personal copy of the Torah in March 1995.) Plaintiff, however, volunteered for a second job which conflicted with the scheduled individual study time. Plaintiff requested that the study time be rescheduled so as not to conflict with his second job. The chaplain indicated that plaintiff would have to make a choice between a second job or the religious study (as no other program time outside plaintiff's work schedule

---

[2]Also pending is a motion to amend wherein plaintiff seeks to substitute individually-named defendants for the entities currently named as defendants in Case No. 94-3284. As a result of the ultimate disposition of plaintiff's action herein, it is unnecessary to resolve that motion.

3

was available).

On March 27, 1994, the first day of Passover week, plaintiff requested permission to observe Passover week. His request was granted and plaintiff's name was added to the Passover observance list.

On August 8, 1994, plaintiff completed a questionnaire in connection with his request for a kosher diet (which request was apparently granted). On January 9, 1995, plaintiff requested to be removed from the Kosher diet list. The request was granted January 10, 1995. On February 19, 1995, plaintiff requested to be placed back on the kosher diet list. Relying upon plaintiff's inconsistent behavior and his noncompliance with procedures governing religious practices, the request to be placed back on the kosher diet list was denied.

Pursuant to IMPP 10-110, "[a]n inmate whose request for a religious diet has been accommodated may be denied continued access to the diet if he or she consumes food inconsistent with the approved religious diet" and "[i]nmates who . . . elect to withdraw from the modified diet must wait ninety (90) days before requesting readmission to the modified diet program".

On September 28, 1994, and after consulting with plaintiff, Dr. Alonzo (Facility Psychiatrist with Prison Health Services) determined that plaintiff was experiencing some mental instability. Based upon Dr. Alonzo's advice, plaintiff was placed on suicide watch in administrative segregation.

## DISCUSSION

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as

4

a matter of law. Fed.R.Civ.P. 56(c). The nonmoving party may not rely upon mere allegations or denials contained in his pleadings or briefs, but must come forward with specific facts showing the presence of a genuine issue for trial. Abercrombie v. City of Catoosa, Okl., 896 F.2d 1228, 1230 (10th Cir. 1990).

The claims of plaintiff which are premised upon the free exercise clause of the first amendment are potentially subject to the Religious Freedom Restoration Act of 1993 (RFRA). 42 U.S.C. §§2000bb-2000bb-4. "The Act establishes the 'compelling interest' test of Sherbert v. Verner, 374 U.S. 398 (1963), and Wisconsin v. Yoder, 406 U.S. 205 (1972), as the analytical framework governing 'all cases where free exercise of religion is substantially burdened'"). Werner v. McCotter, 49 F.3d 1476, 1479 (10th Cir.) (quoting 42 U.S.C. §2000bb(b)(1)), cert. denied 115 S.Ct. 2625 (1995).

The Act applies only if the state has placed a substantial burden on plaintiff's sincerely held religious beliefs:

> Constraints upon religious conduct will not fall within the ambit of the [RFRA] unless a 'substantial burden' is placed upon a prisoner's capacity to exercise or express his or her sincerely held beliefs or faith. To exceed the 'substantial burden' threshold, government regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a prisoner's individual beliefs; must meaningfully curtail a prisoner's ability to express adherence to his or her faith; or must deny a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion.

Id., at 1480 (internal citations omitted).

Plaintiff has failed to present evidence that defendants' conduct or policies substantially burdened his ability to exercise

5

AO 72A (Rev. 8/82)

or practice his religion. For the most part, the incidents about which plaintiff complains were precipitated by choices he made. For example, it was plaintiff's decision to accept a second job which interfered with the chaplain's attempt to schedule an independent study time with plaintiff, during which time plaintiff was to have access to the chaplain's personal copy of the Torah.[3] It was plaintiff's decision to be removed from the kosher diet list. The prison regulation denying immediate return to a religious diet for those inmates requesting to be removed from the religious diet does not impose a substantial burden.[4] *Compare* Brown-El v. Harris, 26 F.3d 68, 69-70 (8th Cir. 1994)(prison's policy of removing inmates from religious diet list when inmate fails to follow the diet did not restrict inmate's free exercise of religious beliefs) and Sasnett v. Sullivan, 1995 WL 714281 at *19 (W.D. Wis. 1995)(policy, which allowed inmate opportunity to retain religious books although limiting number of books allowed in cell, did not substantially burden free exercise of religion).

---

[3] Plaintiff suggests defendants violated K.S.A. 75-5223 by not immediately providing him with a copy of the Torah. §1983, however, does not provide a remedy for violations of state law. Jones v. City and County of Denver, 854 F.2d 1206, 1209 (10th Cir. 1988).

[4] This conclusion is based solely upon defendants' reliance upon IMPP 10-110 V.A.6.d. The Martinez report, however, also indicates plaintiff was advised he must complete certain requirements for conversion to the Jewish faith before he would be reconsidered for placement on a kosher diet. Although the court is concerned with that particular statement, *see* Werner, 49 F.3d at 1479 n.1 (a plaintiff "need not hew to any particular religious orthodoxy; it is enough for the plaintiff to demonstrate that a government has interfered with the exercise or expression of her or his own deeply held faith."), there is no evidence that plaintiff sought a religious diet upon the expiration of the ninety-day waiting period, as established in the referenced regulation.

6

Other vague and conclusory allegations made by plaintiff do not satisfy the "substantial burden threshold" test of Werner.[5] Although plaintiff alleges he was placed in administrative segregation in retaliation for exercising his religious beliefs, plaintiff has failed to go beyond conclusory statements. Nor has plaintiff provided any response to the affidavit of Dr. Alonzo which establishes plaintiff was placed in administrative segregation for observation (based on concerns that plaintiff was experiencing mental instability and should be placed on suicide watch).

Plaintiff also claims defendants' conduct constitutes cruel and unusual punishment. To establish an eighth amendment violation, plaintiff must demonstrate (1) that he was deprived of basic human needs, and if so, (2) that prison officials acted with deliberate indifference. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Plaintiff has failed to identify any conditions of his confinement which rise to the level of cruel and unusual punishment and, therefore, defendants are entitled to summary judgment concerning plaintiff's eighth amendment claim.

Finding defendants are entitled to judgment as a matter of law on all of plaintiff's claims, summary judgment is granted in favor of defendants.

---

[5] Plaintiff bears the burden of establishing "the existence of a substantial interference with [his] right of free exercise". Werner, 49 F.3d at 1480, n.2.

7

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief denied.

DATED: This 22 day of January, 1996, at Topeka, Kansas.

DALE E. SAFFELS
United States District Judge

DES:caw